IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01960-LTB-MJW

ZURICH AMERICAN INSURANCE COMPANY,

Plaintiff,

v.

BULK CARRIER SERVICES,

Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [FED. R. CIV. P. 26(C)(1)(A)]
(DOCKET NO. 29)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Protective Order [Fed. R. Civ. P. 26(c)(1)(A)] (docket no. 29). The court has reviewed the subject motion (docket no. 29) and the response (docket no. 35) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

In the subject motion (docket no. 29), the Plaintiff seeks an order from this court preventing the deposition of Judith Borel, the subrogation Recovery Specialist handling this matter for Plaintiff, asserting the following. The factual information provided to Ms. Borel by counsel is protected by the work product doctrine and the attorney-client privilege. Ms. Borel has no first-hand knowledge of any information. All non-protected factual information has been made available to Defendant through Plaintiff's initial Fed.

R. Civ. P. 26(a)(1) disclosures, supplemental disclosures, and discovery. Defendant does not, and cannot, make a claim of undue hardship. Counsel for the Plaintiff did not communicate with John Olson, an expert witness on the damages issues for Plaintiff, with respect to subrogation but only with Ms. Borel. Accordingly, there has been no waiver of the attorney-client privilege, and Plaintiff's position with respect to attorney-client privilege has been and remains consistent since no employee of Plaintiff will testify at trial to matters communicated to them by counsel.

In response, Defendant argues that Ms. Borel is a person with knowledge under Fed. R. Civ. P. 26(a)(1)(I) and therefore should be deposed on the factual information provided to her by counsel at Cozen O'Connor and on her mental impressions of those facts. Defendant also argues that Plaintiff's insurance file as it relates to facts and investigation is discoverable and not privileged and that Plaintiff is attempting to hide behind the attorney-client privilege to prevent Defendant from deposing Ms. Borel.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Judith Borel was disclosed by Plaintiff in its Rule 26(a)(1) disclosures as a person who may have discoverable information. At the time that Plaintiff made its initial Rule 26(a)(1) disclosures on

October 5, 2009, it also served Defendant with a Privilege Log, attached as Exhibit 5 to the subject motion. The Privilege Log sets forth the information and communications regarding the subrogation portion of the insurance claim file; and

5. That Defendant has a right to depose Judith Borel as a person with knowledge regarding liability and damages under Fed. R. Civ. P. 26(a)(1)(I), however, Plaintiff may still object to the form of any question that may be asked to Ms. Borel during her discovery deposition and may also object to any question asked to Ms. Borel that Plaintiff believes is privileged under the attorney-client privilege, work product doctrine, or other privilege under Fed. R. Evid. 501. This court may have to address at a later date, on a question-by-question basis, which, if any, of the questions that Defendant asks to Ms. Borel during her depositoin are privileged. For example: Defendant may ask Ms. Borel to state her name or current position with Plaintiff and those types of questions clearly would not privileged. At this stage of the proceedings, this court will not surmise or speculate on all of the questions that Defendant may ask to Ms. Borel during her deposition.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion for Protective Order [Fed. R. Civ. P. 26(c)(1)(A)] (docket no. 29) is **DENIED**;

2. That Defendant may depose Judith Borel for a maximum of seven (7) hours;

3. That Plaintiff may still object to the form of any question that may be asked to Ms. Borel during her deposition and may also object to any question asked to Ms. Borel that may be privileged;

4. That Plaintiff shall provide to Defendant on or before October 12, 2010, its claims file, and such claims file shall include all portions of such claims file that relates to the facts and investigation performed by Defendant;

5. That the deadline to complete discovery is extended to November 1, 2010, for the limited purpose of taking Judith Borel's deposition; and

6. That each party shall pay their own attorney fees and costs for the subject motion finding that to award expenses under the facts and circumstances of this case would be unjust.

Done this 23rd day of September 2010.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE