IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-cv-01960-LTB-MJW

ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,

       Plaintiff,

v.

BULK CARRIER SERVICES, a Nevada corporation,

       Defendant.
_____

ORDER
_____

This matter is before me on a Motion for Summary Judgment filed by Defendant, Bulk Carrier Services ("Bulk Carrier"), seeking dismissal of the complaint failed against it by Plaintiff, Zurich American Insurance Company (Zurich American"). [**Doc # 36**] Oral arguments will not materially aid in the resolution of this motion. After consideration of the parties' briefs and exhibits, and for the reasons stated below, I DENY the motion seeking summary judgment.

I. BACKGROUND

On July 20, 2007, a chemical explosion, and resulting property damage, occurred at the Carter Lake Water Treatment Filter Plant ("Carter Lake Plant") in Berthoud, Colorado. The explosion occurred when a Bulk Carrier truck unloaded liquid aluminum chlorhydrate into a tank that contained sodium chlorite. The mix of these incompatible chemicals caused the explosion. The Carter Lake Plant was insured by a policy issued by Zurich American who, as a result of the explosion, paid monies for the resulting property damage. The Carter Lake Plant has subrogated its claims against Bulk Carrier to Zurich American.

Zurich American filed this lawsuit in state court in July of 2009 against Bulk Carrier. The case was subsequently removed to this court on diversity of citizenship jurisdiction grounds pursuant to 28 U.S.C. § 1332.   In its complaint, Zurich American claims that Bulk Carrier was negligent in:  1) the transporting, delivering and off-loading of the aluminum chlorhydrate, and 2) in its training, selection and supervision of its employee, Jeff (or William) Kuenzi, the driver of the truck.  Bulk Carrier has filed this motion seeking summary judgment in its favor, as a matter of law,  on the basis that Zurich American cannot prove its *prima facie* case of negligence because it has not designated an expert to testify as to the applicable standards of care.

## II.  SUMMARY JUDGMENT STANDARD

The purpose of a summary judgment motion under Fed. R. Civ. P. 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary judgment is appropriate if the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, I examine the factual record in the light most favorable to the party opposing summary judgment, extending to that party all reasonable factual inferences. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  If the movant carries its burden of showing the absence of a genuine issue of material fact, the non-movant must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).  A complete failure of proof of an essential element of the party's claim necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 322-23.

### III.  ANALYSIS

Zurich American has not designated an expert witness to testify as to the requisite standards of care and to opine that such standards were not met in this case.  Bulk Carrier argues that such testimony is necessary in order for Zurich American to prove its negligence claims.  Zurich American, in response, asserts that expert testimony is not necessary in that this is a simple negligence case which concerns facts and subject matters well within the common knowledge and experience of ordinary jurors.  As such, the reasonable standard of care – which applies in all simple negligence cases – is applicable here and expert testimony is not needed by the jury.

Under Colorado law, when a plaintiff alleges a "negligence or fault claim against a professional, that professional is judged according to the tenets of the field to which he or she belongs." *Redden v. SCI Colorado Funeral Services, Inc.,* 38 P.3d 75, 81 (Colo. 2001)(*citing United Blood Servs. v. Quintana*, 827 P.2d 509, 520 (Colo. 1992)).  Thus, courts require that plaintiffs establish the standard of care appropriate to the profession.  *Redden v. SCI Colorado Funeral, supra.*  "Expert testimony is generally necessary to assist the trier of fact in determining the applicable standards because in most cases such standards are not within the purview of ordinary persons." *Id.; see also Williams v. Boyle,* 72 P.3d 392, 397 (Colo. App. 2003)("[e]xpert testimony is required to establish a *prima facie* case of professional negligence in the great majority of cases").  However, there is an exception to this requirement in cases in which the subject matter "lies within the ambit of common knowledge or experience of ordinary persons." *Melville v. Southward,* 791 P.2d 383, 387 (Colo. 1990)(citations omitted).

Bulk Carrier argues that this case requires expert testimony on the applicable standards of care required in the off-loading of chemicals and in the hiring, training and supervision of chemical drivers. It maintains that such areas are not within the common purview of the average juror. In response, Zurich American argues that this is not a case that involves either an esoteric subject matter, or is a professional (legal or medical) malpractice case which may require experts to inform the jury of the relevant standard of care. Rather, here a jury certainly is capable of deciding whether the driver acted as a reasonable prudent man under the circumstances and whether Bulk Carrier acted reasonably in supervising the driver. Zurich American asserts that a standard pattern jury instruction on negligence would be sufficient for a jury in this case to understand the facts and determine whether the driver or Bulk Carrier was negligent.

In this case, it is primarily the contested facts that are at issue. The driver, Mr. Kuenzi, has testified that he telephoned the Carter Lake Plant supervisor, Darrell Larson, the day before the delivery and told him that he was carrying aluminum chlorhydrate. He testified that he called the Carter Lake Plant upon his arrival the following day, and again informed Mr. Larson that he was carrying aluminum chlorhydrate. He then showed Mr. Larson his manifest and the "MSDS" sheet, which both identified his cargo as aluminum chlorhydrate. Mr. Larson "directed" him where to put the "product" and took off the cap while showing Mr. Kuenzi the manifold to hook up to. After hooking up, an employee at Carter Lake Plant told Mr. Kuenzi "that he was good to go."

In contrast, Mr. Larson testified that he was expecting a delivery of sodium chlorite – not aluminum chlorhydrate – as noted on the "white board," and that it was not expecting a delivery of aluminum chlorhydrate until the following Monday. He testified that he did not talk to Mr.

Kuenzi on the phone before he arrived, and he denied that Mr. Kuenzi told him what cargo was on board or that he was shown the manifest or MSDS sheet.  Although he admitted that he did remove the cap from the manifold, Mr. Larson testified that he told Mr. Kuenzi to wait until he returned from checking the tank levels before hooking up.  Mr. Larson further testified that it was his practice to check the tanks, and then review the manifest and select the correct port before drivers could hook up and unload.   However, Mr. Kuenzi hooked the hoses from his truck to a tank which was marked with a sign that said "SODIUM CHLORITE" before Mr. Larson returned from checking the tank.  The explosion then occurred approximately 28 minutes after Mr. Kuenzi arrived.  This was the first time Mr. Kuenzi had made a delivery to Carter Lake Plant.

    I agree with Zurich American that these facts reveal a simple negligence case in which the jury will need to decide whether the driver and/or the operators at Carter Lake Plant acted in a reasonably prudent manner under the circumstances.  Bulk Carrier has failed to provide me with any authority supporting the proposition that the subject matter of this case are outside of the ambit of common knowledge or experience of ordinary persons.  I agree with Zurich American  that, under the circumstances here, there is nothing complex or esoteric about the delivery and offloading of chemicals.  I likewise conclude that expert testimony is not necessary as to the standard of care applicable to the hiring and training of employees to deliver and offload  chemicals.   Bulk Carriers has not provided me, nor has my research revealed, case authority supporting the proposition that expert testimony is required to establish a standard of care in negligent hiring, supervision or training of employees in this subject area.

As such, ordinary jurors will be able to consider and decide this case without expert testimony as to the applicable specialized standards of care, and whether those standards were met, for the offloading of chemicals and/or the hiring, training and supervising of chemical drivers.

ACCORDINGLY, I DENY the Motion for Summary Judgment filed by Defendant, Bulk Carrier Services, seeking dismissal of the complaint failed against it by Plaintiff, Zurich American Insurance Company. [**Doc # 36**]


Dated: December   15th   , 2010, in Denver, Colorado.

                                                        BY THE COURT:

                                                          s/Lewis T. Babcock
                                                        LEWIS T. BABCOCK, JUDGE