IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE LEWIS T. BABCOCK

_____

Courtroom Deputy: Deborah Hansen         Date:  January 25, 2011
Court Reporter:     Gwen Daniel

_____

Civil Case No.   09-cv-01960-LTB-MJW         Counsel:

ZURICH AMERICAN INSURANCE                   Brad Breslau
COMPANY,

    Plaintiff,
v.

BULK CARRIER SERVICES, INC.,                Christopher Mattison
                                            Mark Ratner
    Defendant.                              Leslie Miller

_____

COURTROOM MINUTES
_____

HEARING - Motion in Limine

09:00 a.m.    Court in Session

Appearances

Court's comments

The matter before the Court is Plaintiff's Motion in Limine (Exclusion of Trial Testimony of Defendant's Witness John W. Moore).

09:05  Argument by Mr. Breslau

09:15  Argument by Mr. Ratner

Court's findings and conclusions entered on the record.

**ORDERED:   Plaintiff's Motion in Limine (Exclusion of Trial Testimony of Defendant's Witness John W. Moore), filed October 19, 2010, (Doc No. 48) is GRANTED.**

Court's further comments

Plaintiff filed a Response to Defendant's Motion in Limine Regarding Evidence of Insurance (Doc. No. 76) and has agreed to withdraw Exhibit 23 from its list of trial exhibits, reserving the right to use a redacted Exhibit 23, consistent with Fed.R.Evid. 411, including impeachment of defendant's employees at the time of trial.

Mr. Ratner confirms that the Defendant's Motion in Limine Regarding Evidence of Insurance is moot.

**ORDERED:   Defendant's Motion in Limine Regarding Evidence of Insurance (Doc No. 72) is DENIED AS MOOT.**

Court's further comments

There are other pending motions, one involves a disciplinary letter and the other involves 404(b) prior incidents.

A trial preparation conference has been scheduled for February 11, 2011; and replies to the responses are due February 4, 2011.  The Court will hear those motions at the trial preparation conference.

Trial has been set for six days, commencing March 7.  The Court does not think that six days will be necessary.  This will be further addressed at the trial preparation hearing.

Counsel should try to, in advance of the trial preparation hearing, have an exhibit conference and stipulate as many of the exhibits into the evidence as possible.  Those that can't be stipulated into the evidence, counsel should try to at least stipulate as to authenticity.  If there are any objections to exhibits on an exhibit list, counsel shall cite the rule of exclusion relied upon

**ORDERED:   Counsel shall submit by February 4, 2011:**

   **1)   one set of Instructions with citation of authority, in hard copy and WP13 disk, including a statement-of-the-case instruction, substantive instructions and definitions regarding the substantive Instructions.  The Court does not need the stock Instructions**.  **Where there is a dispute as to the language**

                **within a specific Instruction, the plaintiff shall set forth the plaintiff's proposed language in caps. If there is alternative language to be proposed by the defendant, that should be set out in brackets. It may be a phrase, it may be a whole sentence, it may be a whole Instruction;**

      **2)**     **proposed forms of verdict;**

      **3)**     **exhibit lists, witness lists and proposed voir dire questions.**

09:45 a.m.     Court in Recess  
                  Hearing concluded  
                  Time: /45