IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  09-cv-01960-LTB-MJW

ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,

   Plaintiff,

v.

BULK CARRIER SERVICES, a Nevada corporation,

   Defendant.
_____

### ORDER
_____

  This matter is before me on a Motion *In Limine* Regarding Disciplinary Letter to Jeff Kuenzi [**Doc # 74**] and a Motion *In Limine* Regarding Prior Incidents [**Doc # 73**] filed by Defendant, Bulk Carrier Services ("Bulk Carrier") seeking a pretrial determination of the admissibility of evidence propounded by Plaintiff, Zurich American Insurance Company ("Zurich American").  After consideration of the parties' briefs, exhibits, and the oral arguments, and for the reasons set forth on the record on February 11, 2011, I GRANT the motions in part, but I RESERVE RULING on the admissibility of the evidence for the limited purpose of impeachment.

### I. Background

  Zurich American is suing Bulk Carrier for negligence related to a chemical explosion that occurred at the Carter Lake Water Treatment Filter Plant ("Carter Lake Plant") in Berthoud, Colorado, on July 20, 2007.  The explosion occurred when a Bulk Carrier tanker truck unloaded aluminum chlorhydrate, known as Sumaclear 700, into a tank that contained sodium cholrite.

The mix of these incompatible liquid chemicals caused the explosion.  The Carter Lake Plant was insured by a policy issued by Zurich American who, as a result of the explosion, paid monies for the resulting property damage.  The Carter Lake Plant has subrogated its claims against Bulk Carrier to Zurich American.  In its complaint, Zurich American claims that Bulk Carrier was negligent in:  1) the transporting, delivering and off-loading of the aluminum chlorhydrate, and 2) in its training, selection and supervision of its employee, Jeff Kuenzi, the driver of the truck.

## II.  Disciplinary Letter

Bulk Carrier first seeks exclusion of a disciplinary letter it sent to its driver, Jeff Kuenzi, following the incident.  The letter, dated July 25, 2007, stated that:

> We throughly reviewed the entire accident at Carter Lake Filtration, Berthoud, CO.  We commend all of your efforts to secure the tanker and your full cooperation during the investigation with many different agencies.  Your professionalism throughout this entire ordeal was exemplary.
>
> Bulk Carrier Services has found this accident was preventable.  Your failure to confirm that the operator had signed the manifest authorizing delivery may have contributed to the accident.  Your failure of not questioning the signs on that manifold that clearly did not match your paperwork may have contributed to the accident.  These two items were not the major cause of the accident, but the were contributory.  Bulk Carrier Services position is that plant manager inattention was the main factor in the accident.

The letter went on to indicate that Mr. Kuenzi would receive three work days off without compensation as discipline for not following company policy, and that he would be required to attend a retraining class before being allowed to return to work.

In this motion Bulk Carrier seeks to have the letter excluded as trial evidence because it constituted a subsequent remedial measure and, as such, is not admissible pursuant to Fed. R. Evid. 407.  Rule 407 provides, in pertinent part, that "[w]hen, after an event, measures are taken

which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence [or] culpable conduct" in connection with the event.

Zurich American argues that the letter at issue is not a subsequent remedial measure, but rather constitutes an admissible post-accident report. The statements in the letter are not evidence of a repair, construction, installation of a safety device, or a change in policy which, it contends, are typical subsequent remedial measures. Rather, the statements "are indicative of the events that occurred leading up to the accident" and thus constitutes the results and findings of Bulk Carrier's internal post-accident investigation. As such, it is not evidence barred by Rule 407. *See Rocky Mountain Helicopters, Inc. v. Bell Helicopters Textron*, 805 F.2d 907, 918 (10th Cir. 1986)(upholding the trial court's admission of a post-incident report where evidence of a redesign was not referenced). "It would strain the spirit of the remedial measure prohibition in Rule 407 to extend its shield to evidence contained in post-event tests or reports." *Id.*

However, I agree with Bulk Carrier that the letter is inadmissible as a remedial measure. In *Specht v. Jensen,* 863 F.2d 700 (10th Cir. 1988), the Tenth Circuit ruled that the district court did not abuse its discretion in excluding a press release which summarized the results of the investigation of the incident giving rise to the lawsuit, stated that the players involved exercised poor judgment and that appropriate disciplinary action would be taken. *Id.* at 701-02. The court ruled that because the release sets out the curative measures taken to prevent the reoccurrence of the mistakes or poor judgment revealed by the investigation, it was within the ambit of Rule 407. *Id.* (citations omitted). The disciplinary letter at issue here likewise summarizes its internal investigation, then sets out the resulting discipline necessary to remedy the mistakes made. I

agree that the letter is not admissible against Bulk Carrier, under Rule 407, for the purpose of proving negligence or culpable conduct.

Zurich American also argues that even if the disciplinary letter at issue is deemed inadmissible as a subsequent remedial measure, it is admissible for the limited purpose of impeachment. Specifically, Zurich American maintains that both Mr. Kuenzi and Bulk Carrier (through its Rule 30(b)(6) witness Fred Bennett) testified in their depositions that only the plant operator could dictate where the product being offloaded from the tanker could be delivered. Zurich American asserts that testimony is inconsistent with the discipline letter, which indicates that Kuenzi's "failure of not questioning the signs on that manifold . . . may have contributed to the accident."

I agree that if Bulk Carrier testifies that its policies at the time of the accident were different or contrary to those as set forth in the disciplinary letter, it might be admissible for the purpose of impeachment as allowed by Fed. R. Evid. 407, which provides that it "does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as . . . impeachment." I reserve that question, if it arises, for trial. *See generally Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1213 (10th Cir. 2006)(ruling that the impeachment exception in Rule 407 "has been confined to evidence of subsequent remedial measures that is necessary to prevent the jury from being misled")(*citing Wood v. Morbark Indus., Inc.,* 70 F.3d 1201, 1208 (11th Cir. 1995)*; Complaint of Consolidated Coal Co.,* 123 F.3d 126, 136 (3rd. Cir. 1997)*(*"the evidence offered for impeachment must contradict the witness's testimony directly"); and *Harrison v. Sears, Roebuck & Co.,* 981 F.2d 25, 31 (1st Cir. 1992) (noting that the impeachment exception requires "a great[ ] nexus between the statement sought to be impeached

and the remedial measure")).

### III.  Other Incidents Involving Bulk Carrier

Bulk Carrier also seeks a pretrial ruling that evidence of its other prior incidents – specifically an incident in which a tank overflowed in Englewood, Colorado during a delivery in December 2006, and an incident of offloading of a chemical into a wrong portal in Phoenix, Arizona on September 13, 2006 – should be deemed inadmissible.  Bulk Carrier maintains that Zurich American will seek to have evidence of the other incidents admitted at trial in order to prove that Bulk Carrier acted negligently in this case, as it had been accused of in the past, and thus the evidence is inadmissable.

Fed. R. Evid.  404(b) provides that evidence of other acts "is not admissible to prove the character of a person in order to show action in conformity therewith."  A party introducing other acts/Rule 404(b) evidence must show that:  (I) the evidence is introduced for a proper purpose; (ii) the evidence is relevant; (iii) the evidence has probative value that is not substantially outweighed by the potential for unfair prejudice; and (iv) the party introducing the evidence must precisely articulate the purpose for which the evidence is offered.  *Jonas v. Board of Comm'rs of Luna County,* 699 F.Supp.2d 1284, 1290 (D.N.M. 2010); *see also Orjias v. Stevenson,* 31 F.3d 995, 1000 (10th Cir. 1994)(*citing Huddleston v. United States*, 485 U.S. 681, 691-92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)).

In response to this motion, Zurich American argues that the prior incidents at issue are admissible for a proper purpose in that they do not constitute proof that Bulk Carrier acted in conformity with its prior acts.  Rather, the evidence is admissible to prove that in this matter Bulk Carrier did **not** act in conformity with its customary policies and procedures.  Specifically,

Bulk Carrier's policy and procedures included a practice of obtaining signed manifests from the plant operators upon delivery. The evidence of the prior incidents – in which Bulk Carrier subsequently denied any liability because they had obtained the plant operators' signatures – is relevant to that practice. In addition, Zurich American asserts that the evidence of prior incidents also demonstrated that Bulk Carrier had maintained a practice of looking at the signage on the ports when making a delivery, but did not do so in this case.

Bulk Carrier argues that Zurich American has other, more direct means of establishing policies and practices, and that it is improperly attempting to have the evidence admitted, in violation of Rule 404(b), to infer that Bulk Carrier acted negligently in this case in conformity with its past behavior. It also argues that neither incident involved the same plant or driver and thus is irrelevant pursuant to Fed. R. Evid. 401 and 402, and that any probative value is outweighed by the highly prejudicial nature of the evidence pursuant to Fed. R. Evid. 403.

My review of the proffered documentary evidence indicates that it does not, contrary to Zurich American's argument here, serve to prove that Bulk Carrier had maintained a practice of having its drivers take note of the signage on the ports when making a delivery. Additionally, to the extent that the evidence proves that it was Bulk Carrier's practice to have manifests signed by plant managers, that evidence is not seriously disputed and therefore the evidence is irrelevant as to that purpose. If that issue is revealed to be contested, such evidence may be admissible for the purpose of impeachment as discussed below. As such, I agree with Bulk Carrier that Zurich American has not proven a proper purpose for the prior incidents evidence under Rule 404(b).

Zurich American again argues that the evidence is admissible for the limited purpose of impeachment. Zurich American contends that Fred Bennett (Bulk Carrier's Rule 30(b)(6)

witness) testified at his deposition that: 1) it is only a "preference" that drivers obtain a signed manifest; and 2) that it is not necessary for driver to look at the signage because the plant operator's instructions are paramount.  Zurich American claims that the documents related to the two prior incidents refute that testimony in that they show that in the year prior to the subject incident, Bulk Carrier had a pattern and practice of requiring signatures and in looking at the signs on the manifold during the unloading process.  To the extent that this evidence may be admissible for the limited purpose of impeachment of contrary trial testimony, I likewise reserve such ruling for trial if necessary.

ACCORDINGLY, I GRANT IN PART both the Motion *In Limine* Regarding Disciplinary Letter to Jeff Kuenzi [**Doc # 74**] and the Motion *In Limine* Regarding Prior Incidents [**Doc # 73**] filed by Defendant, but I RESERVE  RULING on the admissibility of the evidence for the limited purpose of impeachment.

Dated: February   15  , 2011, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE